UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:20-CR-00098-DCLC-CRW |
| | ) | |
| vs. | ) | **FILED UNDER SEAL** |
| | ) | |
| MONICA GRACE WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Monica Grace Willis's ("Defendant's") Motion for Compassionate Release [Doc. 105] pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States (the "Government") has responded in opposition to Defendant's Motion [Doc. 111]. This matter is now ripe for resolution. For the reasons stated herein, Defendant's Motion is **DENIED**.

**I.     BACKGROUND**

On September 23, 2021, Defendant pled guilty to the lesser included offense of conspiracy to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) [Doc. 60]. The Presentence Report calculated her advisory guideline range as 46-57 months based on an offense level of 23 and a criminal history category of I, with one criminal history point. On February 17, 2022, this Court sentenced Defendant to a term of 46 months' imprisonment and a three-year term of supervised release [Docs. 99, 100]. Defendant was committed to the custody of the Bureau of Prisons ("BOP") at Alderson Federal Prison Camp ("Alderson") in West Virginia with a projected release date of July 10, 2025 [Docs. 105, 111-1]. On July 17, 2022, Defendant filed a motion for compassionate release based on prison conditions

affecting her health, the continuing COVID-19 pandemic, and her desire to care for her aunt [Doc. 105].

In support of her motion, Defendant states that she has been at Alderson "2 months," and in that time "they have not let me have a c-pap machine or allow me to have mine mailed in." [Doc. 105]. She explains that, without the machine, she could "possibly die in [her] sleep" because she stops breathing in her sleep "8-12 times an hour" without it [*Id.*]. Defendant states that she suffers from "Narcooleptic [sic] type 1[,] two hernias[,]Diabetes, PCOS,[1] anxiety and depression, panic attacks, high blood pressure, heart palpitation, history of ER visits for chest pain and shortness of breath," and that she is not getting the care she needs for these conditions while incarcerated because there has not been "an actual doctor for about a month" at Alderson [*Id.*]. Defendant seeks release so she can care for her aunt who "is like a second mom" to her and who will be "having surgery soon on her stomach" and "will need someone to take care of her afterward." [*Id.*].

The Government opposes the motion and argues Defendant has not exhausted her administrative remedies as required by statute and has not established any extraordinary and compelling reason for release. *See* 18 U.S.C. § 3582(c)(1)(A) and § 3553(a) [Doc. 111].

## II. LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) authorize district courts to modify a defendant's sentence and grant compassionate release in the following situations:

---

[1] PCOS stands for "Polycystic Ovary Syndrome." *See* https://www.mayoclinic.org/diseases-conditions/pcos/symptoms-causes/syc-20353439 (last visited at 1:53 p.m. on August 9, 2022).

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A).[2]

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id*. at 833-34.

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984

---

[2] The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

3

F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

## III. ANALYSIS

### A. Mandatory Exhaustion Requirement.

Here, Defendant has not satisfied the statutory exhaustion requirement outlined in 18 U.S.C. § 3582(c)(1)(A), nor has the Government waived or forfeited that requirement. Defendant has not alleged that she sought relief through the proper administrative procedures, and the Bureau of Prisons has no record of any request from Defendant for compassionate release [Doc. 111-2]. Because exhaustion of administrative remedies is a mandatory procedural requirement for the Court to consider a motion for compassionate release, Defendant's motion is **DENIED**.

### B. Substantive Requirements for Compassionate Release.

Although Defendant has not satisfied the exhaustion requirement, the Court now analyzes Defendant's motion for compassionate release on the merits as well. *See United States v. Hamilton*, 859 F. App'x 41, 42 (9th Cir. 2021) (finding harmless error in the denial of a compassionate-release motion based on § 3553(a) factors despite non-exhaustion). Defendant, and not the BOP, filed her motion for compassionate release, therefore the Court will address the two substantive requirements for defendant-filed motions: (1) whether extraordinary and compelling reasons exist to warrant immediate release and (2) whether the applicable Section 3553(a) factors warrant a sentence reduction.

#### 1. Extraordinary and Compelling Reasons

Defendant cites her lack of C-PAP machine, her medical conditions, and the lack of proper

4

medical care at Alderson as extraordinary and compelling reasons justifying compassionate release [Doc. 105]. Defendant argues her health condition puts her at a heightened risk of serious illness if she contracted COVID-19 while incarcerated. She alleges that Alderson already has "multiple cases of covid and I already struggle to breathe while sleeping." [Doc. 105, pg. 1]. To be sure, some courts have found an extraordinary and compelling reason for release "(1) when the defendant is at high risk of having complications" from contracting COVID-19 and "(2) the prison where [she] is held has a severe COVID-19 outbreak." *United States v. Hood,* 850 F. App'x 428, 430 (6th Cir. 2021). But the Sixth Circuit has now repeatedly held that "incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons,* 15 F.4th 747, 751 (6th Cir. 2021). "[F]or people living in close quarters, vaccines offer relief far more effective than a judicial order." *Id*. (internal quotation omitted). Defendant was offered the COVID-19 vaccine, but she refused it [Doc. 112, pgs. 18, 55, 121]. Because Defendant has access to the vaccine, she "largely faces the same risk from COVID-19 as those who are not incarcerated," *Lemons*, 15 F.4th at 751, and that risk is not an extraordinary and compelling reason for her release. Moreover, as of August 9, 2022, the BOP reports that the Alderson facility has 670 inmates and 74 staff who have been fully vaccinated, and only 5 inmates and 6 staff with known active COVID-19 cases as of the writing of this Order. *See* https://www.bop.gov/coronavirus/ (last visited at 1:05 PM, August 9, 2022).

Defendant seeks release to care for her aunt, who has been "like a second mom" to her after her father died, and who has plans to undergo surgery some time "soon." [Doc. 105, pg. 2]. When a defendant is the "only available caregiver" for an incapacitated spouse or partner, this may sometimes serve as an extraordinary and compelling reason for release. U.S.S.G. § 1B1.13, cmt.

5

n.1(C)(ii).  Even assuming the familial relationship between Defendant and her aunt were so close as to be deemed that of an immediate family member, Defendant has not established her aunt's need for care or shown that Defendant is her aunt's only available caregiver.  Defendant has not provided any documentation whatsoever as to her aunt's medical conditions or the unavailability of other caregivers, and this alone warrants denial of her motion on family circumstances grounds.  *See Elias*, 984 F.3d at 520.  "Incarcerated people commonly leave innocent partners, parents, and children to fend for themselves as a result of criminal conduct." *United States v. Williams*, No. 1:17-cr-103, 2020 WL 3502819, at *3 (S.D. Ohio June 29, 2020).  Defendant has not established that her family circumstances constitute an extraordinary and compelling reason for her release.

In sum, Defendant has not established any extraordinary and compelling reason for sentence reduction at this time.

**2.     Section § 3553(a) factors.**

18 U.S.C. § 3553(a) requires the Court to consider several factors in determining the length of a Defendant's sentence.  The factors relevant to the instant motion are "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment," § 3553(a)(2)(A); "the sentencing range established" by the Sentencing Guidelines, § 3553(a)(4); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6).  The nature and circumstances of Defendant's offense were serious:  Defendant admitted to conspiring to distribute at least 35 grams of actual methamphetamine [Doc. 60].  The Court sentenced her 46 months imprisonment [Doc. 100].  "The amount of time served is relevant to several § 3553(a) factors" when considering early release. *United States v. Kimball*, 988 F.3d 945, 947 (6th Cir. 2021) (citing *United States v.*

6

*Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020)). After such a short time served, early release here would be inconsistent with "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment," § 3553(a)(2)(A) as well as "the need to avoid unwarranted sentence disparities among defendants." § 3553(a)(6). Taken as a whole the § 3553(a) factors weigh against Defendant's immediate release.

IV. **CONCLUSION**

Defendant has not satisfied the statutory exhaustion requirement, has not established an extraordinary and compelling reason to reduce her sentence, and has not shown that a sentence reduction would be consistent with 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A). Accordingly, Defendant's Motion for Compassionate Release [Doc. 105] is **DENIED**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge